IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| DERRICK TOOMER | * | |
| Plaintiff | * | |
| v. | * | Civil Action No. DKC-11-1752 |
| WARDEN TYRONE CROWDER, et al., | * | |
| Defendants | * | |

\*\*\*

## MEMORANDUM OPINION

The court construed pretrial detainee Derrick Toomer's claims regarding his detention as a request for emergency injunctive relief. The court directed the Maryland Attorney General file a show cause response within fourteen days, but noted that counsel's response would constitute neither acceptance on behalf of the named Defendants, nor waiver of any arguable defenses. The Maryland Attorney General has responded. ECF No. 5.

For the following reasons, the court finds emergency injunctive relief is unwarranted and emergency relief will be DENIED. Toomer will be granted twenty-eight days to inform the court whether he wants to continue consideration of the claims in the Complaint or withdraw this case.

### I.     BACKGROUND

Toomer, a pretrial detainee housed at the North Branch Correctional Institution ("NBCI") in Cumberland, Maryland, alleges that NBCI is not adequately equipped to provide pretrial detainees access to their attorney through use of the telephone and/or adequate access to the law library.[1] ECF No. 1.

Plaintiff was originally committed to the Baltimore City Detention Center ("BCDC") on November 11, 2008. Bail was denied. ECF No. 5, Ex. 1. He is awaiting retrial on criminal

---

[1] In his reply to Defendants' response, he raises for the first time a claim that his transfer to NBCI violated his right to due process. That claim is not properly before the court.

charges in the Circuit Court for Baltimore City. The retrial is currently scheduled for November 10, 2011. [2]

Plaintiff was attacked on three separate occasions while housed at BCDC. ECF No. 5, Ex. 2. He was then transferred to the Maryland Reception Diagnostic and Classification Center ("MRDCC"). *Id*. While housed at MRDCC Plaintiff was disruptive. He flooded his tier on multiple occasions, refused to be locked in his cell, covered his cell window, held open his food slot, demanded to see the warden, threatened suicide, and refused medical care. *Id*., Ex. 3.

On May 23, 2011, due to safety and security concerns, Plaintiff was transferred to NBCI. Between his transfer to NBCI and July 1, 2011, Plaintiff made fourteen telephone calls, submitted four library request forms, received four items from NBCI's library, including legal materials, and filed six administrative remedy requests. *Id*., Ex. 4.

## II. STANDARD OF REVIEW

A preliminary injunction is an extraordinary and drastic remedy, s*ee Munaf v. Geren*, 553 U.S. 674, 689-90 (2008), requiring a movant to demonstrate: 1) that he is likely to succeed on the merits; 2) that he is likely to suffer irreparable harm in the absence of preliminary relief; 3) that the balance of equities tips in his favor; and 4) that an injunction is in the public interest. *See Winter v. Natural Resources Defense Council, Inc*., 555 U.S. 7, 129 S. Ct. 365, 374 (2008); *The Real Truth About Obama, Inc. v. Federal Election Commission*, 575 F.3d 342, 346 (4th Cir. 2009), vacated on other grounds, 130 S. Ct. 2371 (2010), reinstated in relevant part on remand, 607 F.3d 355 (4th Cir. 2010) (per curiam).

After considering Toomer's claims and counsel's response, the court concludes that Toomer fails to show that he is likely to suffer irreparable harm without emergency injunctive relief. While

---

[2] *See* Maryland Judiciary Case Search:
http://casesearch.courts.state.md.us/inquiry/inquiryDetail.jis?caseId=108326080&loc=69&detailLoc=DSK8

Plaintiff is entitled to meaningful access to the courts, *Lewis v. Casey*, 518 U.S. 343, 351 (1996), the State satisfies this obligation where a pretrial detainee is provided professional legal assistance. *See United States v. Chatman*, 584 F.2d 1358, 1360 (4th Cir. 1978).  Toomer is represented by counsel in his pending criminal proceedings.  Additionally, he has access to a telephone to contact his attorney and to legal materials through the NBCI library.  There is no indication that Plaintiff's counsel has been denied adequate access to him.  Toomer's return to the Baltimore metropolitan area is neither favored by the balance of equities nor demonstrated to be in the public interest.

### III.   CONCLUSION

Absent demonstration by Toomer that emergency injunctive relief is warranted, the court will deny his request for relief by separate order and grant him twenty-eight days to state whether he wants to proceed on his claims.  He may also provide supplemental information in support of his claims within this time period.  Toomer's pending Motion for Leave to Proceed in Forma Pauperis will be granted. A separate order follows.

November 17, 2011                                                       /s/
Date                                                                                DEBORAH K. CHASANOW
                                                                                        United States District Judge